BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, v. COLE.

Opinion delivered April 2, 1917.

RAILROADS—CHARTERED TRAINS—TARIFF.—Under the tariff for special trains fixed by the Interstate Commerce Commission, the charge for a special train from Harrisburg, Poinsett County, Ark., to Wynne, Cross County, held to be $75.

Appeal from Poinsett Circuit Court; *W. J. Driver,* Judge; reversed.

*Troy Pace* and *Gordon Frierson,* for appellant.

1. The act of the agent in accepting an amount less than that fixed by the published tariff was without effect as to the amount actually due. Kirby's Digest, § 6722; 71 Ark. 552; 100 *Id.* 22; 103 *Id.* 37. An agent of a railway company has no authority to fix by contract a rate less than the published rate to be paid by the public. Authorities *supra.*

2. The court erred in holding the minimum rate to be $50 instead of $75. The establishment of a different basis for special train service is not unreasonable.

*H. P. Maddox,* for appellee.

Section 7 of the tariff sheet does not control here, but exception No. 1, and $50 is the fee, and this was paid.

WOOD, J. The appellant sued the appellees to recover the sum of $25 alleged to be due it on account of

a special engine and train furnished appellees. The suit was instituted in the justice court, where judgment was rendered in favor of the appellees. An appeal was taken to the circuit court, where the cause was tried by the court, sitting as a jury, upon an agreed statement of facts. For the purpose of this appeal these facts are sufficiently reflected in the findings and judgment of the trial court, which are as follows:

"The court finds the facts to be that on February 27, 1915, the St. Louis, Iron Mountain & Southern Railway Company, at the request and for the use of the defendants, furnished a special train and engine from Harrisburg, Poinsett County, Arkansas, to Wynne, Cross County, Arkansas, and the said defendants and others were transported on said special train between the stations mentioned.

"Thereafter the agent of the St. Louis, Iron Mountain & Southern Railway Company, at Harrisburg, presented to the defendant, W. D. Tillory, a bill for $50 for such train service, and the defendant, W. D. Tillory, paid such amount, believing and intending the same to be in full for such service.

"On February 27, the date such equipment and service were furnished, the charge for special trains between such stations, as fixed in the published tariff sheet, was, according to the plaintiff's contention, a minimum of $75, and, according to the defendant's contention, a minimum rate of $50.

"The paragraphs of the tariff sheets covering the service were as follows:

"CHARGES FOR SPECIAL TRAINS.

"Section 7. (a) In emergency, special passenger trains may be run for the exclusive accommodation of individual or special parties, subject to the company's ability to furnish the necessary power and equipment, on the following terms:

"One hundred full fares or the equivalent thereof as shown in current interstate commerce commission tariffs, for a party of 100 persons or less and one additional adult for each person in excess of 100 (two half fares counting one adult fare). The total collection in no case to be less than $75. See Exceptions 1 and 2.

"Exception 1. Intrastate between stations in Illinois; between St. Louis, Mo., and stations in Illinois; between St. Louis, Mo., and Memphis, Tenn.; between St. Louis, Mo., and Helena, Ark.; between St. Louis, Mo., and Natchez, Miss.; between Memphis, Tenn., and Natchez, Miss.; between Helena, Ark., and Natchez, Miss.; the minimum charge for special train movements will be seventy-five adult one-way fares, or the equivalent, for parties of seventy-five persons or less, additional fares or fare, whole or half, as the case may be for each person in excess of seventy-five. Minimum collection, $50.

"Exception 2. Intrastate between stations in Louisiana the minimum charge will be fifty adult fares as shown in the current interstate commerce commission tariffs for a party of fifty persons or less, one additional adult fare for each person in excess of fifty persons (two half fares counting as one adult fare) charge of not less than $1.50 per train mile or fraction thereof for distance traveled. The total collection in no case to be less than $50.

"The court finds that the above tariff sheets control the question of charge for services rendered, and that the act of the agent in collecting any amount is without effect in law.

"The court further finds that the service involved in this case is covered by and is included in exception No. 1, above quoted, and that the minimum charge of $50 was the amount properly payable, and that this amount has been paid by the defendants to the plaintiff."

The court thereupon rendered judgment dismissing the appellant's complaint. The court was correct in

holding that the act of the agent of appellant in accepting $50 in full settlement of the tariff due appellant for the service rendered did not bind the appellant nor preclude it from suing for the amount due according to the schedule of rates governing the charges for such service, as shown by the published tariff sheets approved by the Interstate Commerce Commission. But the court erred in holding that the service, and charges for which suit was brought, are controlled by Exception No. 1, and in holding that the minimum charge of $50 was the correct amount to be paid appellant.

The rate to be charged for the services herein rendered is fixed by the general provisions of section 7 (a), set out in the findings of the court. Under this section the minimum charge required for such service is $75. The minimum charge of $50 specified in Exception 1, so far as intrastate stations are concerned, only applies between intrastate stations in the State of Illinois. If it had been the purpose of the Interstate Commerce Commission to make the minimum collection of $50, specified in section 1, apply between intrastate stations in Arkansas this intention doubtless would have been expressed just as it was between intrastate stations in Illinois and in Louisiana. The fact that these States were singled out, and the rates specified in Exceptions 1 and 2 made to apply between intrastate stations in Illinois in Exception 1. and between intrastate stations in Louisiana in Exception 2, shows that the commission had intrastate stations in the States named in mind, and as the tariff sheet does not plainly express that a minimum charge of $50 is authorized between intrastate stations in Arkansas, the court has no right to give it such construction. To do so would be usurping the functions of the Interstate Commerce Commission. Exception No. 1 plainly expresses that a minimum collection of $50 is authorized between St. Louis, Mo., and Memphis, Tenn., and between St. Louis, Mo., and Helena, Ark. While it is true that the

stations of Harrisburg and Wynne are on the railway line between St. Louis and Memphis, and St. Louis and Helena, there is nothing in the tariff sheets to indicate that the railway company, in furnishing special train service between these stations, could be required to do so for less than $75, the rate specified in section 7, subdivision (a).

Under the provisions of section 7, subdivision (a) and exception 1, the total collection in no case is to be less than $75, unless the service is rendered between intrastate stations in Illinois, and between St. Louis, Mo., and stations in Illinois, and between the other interstate division points or terminal stations expressly named in exception 1. Intrastate stations in Arkansas are not so named in exception 1, and therefore it does not apply.

It is unimportant to enter upon a discussion of the reasons that actuated the commission in allowing a $50 minimum collection between the stations mentioned in exception 1, but which does not apply to stations in Arkansas lying between the terminal stations or division points mentioned in exception 1. The reason that might have actuated the commission is very well expressed in the brief of counsel for the appellant, as follows:

"If a railway company is called upon to furnish a special train out of some small station along its line, in order to comply it must run empty cars from some terminal or division point to the station making the call, and this equipment will earn no revenue until after it has reached the point where it is to be put into service. On the other hand, such service out of terminals and division points, or out of points in the vicinity of such, begins to earn revenue as soon as the equipment is set in motion. Furthermore, special train service between small towns or stations along the line involves an empty haul back to the terminal at the end of the service, as well as the empty haul above mentioned at the beginning of the service." But, whatever may have been the reason, it suffices

to say that the rate is so expressly fixed, and it is not within the province of the court to change it.

The court therefore erred in dismissing appellant's complaint, and for this error the judgment is reversed, and judgment will be entered here in favor of the appellant for the sum of $25, as prayed in its complaint.